# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 24-10929 (CTG) |
| Parker Global Enterprises, Inc.,[1] ) | |
| ) | Hearing Date: June 20, 2024 at 2:30 p.m. |
| Debtors. ) | Objection Deadline: June 13, 2024 at 4:00 p.m. |

## MOTION OF PAUL TORRES FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362

Paul Torres ("Movant") moves (the "Motion") pursuant to section 361, 362 and 363 of title 11 of the United States Code (the "Bankruptcy Code") for relief from the automatic stay to pursue a personal injury case against debtor, Arnold Transportation Services, Inc. (the "Debtor"). In support of this Motion, Movant states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein include, without limitation, sections 361, 362 and 363 of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.  Movant consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The Debtors in these cases are the following entities: Arnold Transportation Services, Inc., Parker Global Enterprises, Inc., Parker Transport Co., and DVP Holdings Corp.

**Background**

4.      On April 30, 2024 (the "Petition Date"), each of the above-captioned debtors, filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The same day, Jeoffrey L. Burtch was appointed as interim trustee (the "Trustee") for the debtors and their bankruptcy estates. A meeting of creditors was held and concluded on May 29, 2024. The Trustee now serves pursuant to 11 U.S.C. § 702(d).

5.      Prior to the Petition Date, Movant understands that the Debtor operated a transportation and logistics services business based in Texas. On information and belief, the Debtor ceased operations on or prior to the Petition Date, and the Trustee is now operating the Debtor's business.

6.      On or about May 4, 2020, in Beaumont, Texas, the Movant was involved in a collision with an employee of the Debtor when the employee was driving an 18-wheeler owned by Debtor and sustained injuries and damages.

7.      On July 14, 2020, Movant filed a Petition captioned as *Paul Torres v. Arnold Transportation Services, Inc. and Laurel* LeBeouf, Case No. A-205999, now pending in the District Court of Jefferson County, Texas (the "State Court Action"). A copy of the Petition is attached hereto as **Exhibit A**.

8.      In the State Court Action, Movant has asserted negligence, negligent entrustment, and negligent hiring/negligence per se claims against Debtor Arnold Transportation Services, Inc. and other defendants for the personal injuries he sustained from the collision.

9.      Movant believes that Debtor carries a policy or policies of insurance which would provide coverage for Debtor's liability, if any, in connection with the damages sustained by Movant.

**Relief Requested**

10.     Movant seeks to modify the automatic stay for the limited purpose of continuing the State Court Action to adjudicate Debtor's liability in connection with the injuries and damages sustained by Movant to judgment or settlement.  Movant also seeks authority, to the extent it may be necessary, to execute, levy, and collect upon such judgment or settlement as may be obtained by Movant from third parties and the Debtor's insurance carrier or carriers, only.  Movant agrees to limit the extent of Movants' recovery efforts against the Debtor to the funds available under any and all insurance policies which may provide coverage for Debtor's liability.

**Basis for Relief Requested**

11.     Movant is entitled to relief from the automatic stay under section 362(d) of the Bankruptcy Code.  Subsection (d)(1) provides:

(d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest.

U.S.C. § 362(d)(1).

12.     At a hearing for relief from the automatic stay under Bankruptcy Code section 362(d), the party opposing stay relief bears the burden of proof on all issues except debtor's equity in property.  *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g).  If a creditor seeking relief from the automatic stay makes a prima facie case of "cause" for lifting the stay, the burden of going forward shifts to the trustee or debtor pursuant

to Bankruptcy Code section 362(g). *See In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

13. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *Sonnax Indus. v. Tri Compoenent Prod. Corp. (In re Sonnax Ind., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). "Cause" for modification of the automatic stay "is an intentionally broad and flexible concept that permits . . . [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive situations." *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997) *(citing Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship),* 52 F.3d 127, 131 (6th Cir. 1995)).

14. Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). The court in *Bock* pointed out that "[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *Id*. at 566. *See also Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995) (stating that a court should look into whether, *inter alia,* there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

15. The legislative history to section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another

4

tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

16. The legislative history emphasizes the section's applicability to proceedings in another tribunal. *Id*. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Id., citing* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

17. This Court has previously applied an equitable balancing test to determine, if "cause" exists to lift the automatic stay to allow litigation to go forward in a non-bankruptcy forum. *In re Rexene Products Co.*, 141 B.R. at 576. Under the equitable balancing test, the Court reviews three factors:

> (1) whether prejudice will be caused to either the bankrupt estate or the debtor as a result of the suit,
>
> (2) whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;
>
> (3) whether the movant has a reasonable probability of prevailing on the merits of the suit. *Id*.

18. Application of the equitable balancing test to the present case clearly demonstrates that relief from the automatic stay is warranted.

**The Estate Will Not Be Prejudiced if Relief from the Automatic Stay is Granted**

19. The estate will not be prejudiced if the automatic stay is lifted to permit the State Court Action to continue against the Debtor to conclusion, because: (i) the State Court Action is the most expeditious means of liquidating the Movant's claims against the Debtor, and (ii) the State Court Action will not burden the estate financially or operationally.

5

20. This Court's jurisdiction over Movant's claims arises only under section 1334 of title 28. Although this Court can assign the adjudication of Movant's claims to the United States District Court for the District of Delaware (the "District Court"), it is not customary for personal injury actions to be so assigned in this District. Rather, in this District, such claims are customarily tried in the forum where the action is commenced.

21. Liquidating the Movant's claims will not prejudice the estate. In fact, allowing the State Court Action to conclude may be the most expeditious way to accomplish a quantification of the Movant's claims. *See In re Wheeler Group, Inc.*, 75 B.R. 200, 210 (Bankr. S.D. Ohio 1987). In *Wheeler Group*, the Bankruptcy Court lifted the automatic stay after recognizing the benefits of allowing an employment discrimination case, commenced pre-petition, to conclude. The Court observed, "the most expeditious way to liquidate the claim is to allow it to proceed to its conclusion in the District Court." *Id*.

22. Liquidating the Movant's claims will minimize the estate's litigation costs because it will likely cost less to conclude the State Court Action than to start a new trial in the District Court.[2] Debtor, and it's respective counsel, have expended time and effort in connection with the State Court Action, which should not be unnecessarily duplicated.

23. Finally, liquidating the Movant's claims will not prejudice the Debtor's estate because, upon information and belief, there are insurance policies in place, and the Movant will agree to limit any recovery to non-Debtor sources, such as the insurance policies. Further, the Debtor's insurers have a duty to defend the State Court Action. Participation in the State Court Action simply will not prejudice the estate.

**Balancing the Hardships Weighs Heavily in Favor of Modifying the Stay to Allow**

---

[2] Title 28, United States Code, Section 157(b)(2)(B) prohibits a bankruptcy judge from liquidating unliquidated state Court actions.

### the State Court Action to Continue

24. Liquidating the Movant's claims is the most efficacious, least burdensome, and least costly way for both the estate and the Movant to resolve Movant's claims. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *Peterson v. Cundy (In re Peterson)*, 116 B.R. 247, 250 (D. Col. 1990); *see also, Murray Ind., Inc. v. Aristech Chem. Corp. (In re Murray Ind., Inc.),* 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("[T]his Court is of the opinion that to begin this litigation anew in this Bankruptcy Court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources.").

25. As set forth above, liquidating the Movant's claims creates little or no hardship or prejudice to the estate. However, liquidating the claims in District Court would unnecessarily duplicate Movant's efforts, causing a financial hardship to be imposed upon the Movant. In addition, starting anew in the District Court risks the aging and loss of evidence and the unavailability of witnesses.

26. Finally, the State Court Action includes a jury demand and involves claims based upon only state law. The trial court is more familiar with the State Court Action and its issues, as well as the applicable state law. Principles of judicial economy are better served by a trial in state court involving the Debtor's insurers and the jury demanded by Movant. Under these circumstances, the balancing of the burdens clearly favors relief from the automatic stay so that the Movant may liquidate his claims pursuant to state law.

### Probability of Success on the Merits

27. When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight." *In re Rexene Products,* 141 B.R. at 578; *see*

*also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). It "merely requires a showing that [the movant's] claim is not frivolous." *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P.* (In re Levitz), 267 B.R. 516, 523 (Bankr. D. Del. 2000). Movant has a significant probability of success on the merits that warrants relief from the automatic stay.

28. The State Court Action includes claims against the Debtor for negligent entrustment and negligent hiring/negligence per se. The Debtor owed a duty to the Movant to hire competent drivers. As a direct result of the Debtor's negligence in hiring and/or training its employee, the Movant has suffered injury. Movant's claims are supported by documentary evidence, witnesses, and, accordingly, have substantial merit.

29. In sum, the Movant clearly has meritorious claims of value which must be liquidated. Since the estate will not be prejudiced by the liquidation of such claims, and the relative hardships weigh heavily in favor of the Movant, this Court should permit the State Court Action to continue to conclusion against the Debtor. Indeed, allowing the State Court Action to proceed against the Debtor would benefit both the Debtor and the Movant by minimizing costs and avoiding the risk of inconsistent adjudication.

WHEREFORE, the Movant respectfully requests relief from the automatic stay so he may pursue his claims against the Debtor to final, non-appealable judgment or settlement and collect any such judgment or settlement.

Dated: May 31, 2024                                HOGAN♦McDANIEL

                                                                 */s/ Daniel K. Hogan*
                                                                 Daniel K. Hogan (No. 2814)
                                                                 1311 Delaware Ave.
                                                                 Wilmington, DE  19806
                                                                 Telephone:  302-656-7540
                                                                 Facsimile:   302-656-7599
                                                                 Email: dkhogan@dkhogan.com

                                                                *Attorney for Movant*