# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| PARKER GLOBAL ENTERPRISES, INC. *et al.*,[1] | ) ) | Case No. 24-10929-CTG |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: October 16, 2024 at 4:00 p.m.** |
| | | **Hearing Date: October 23, 2024 at 11:30 a.m.** |

## CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING ASSET PURCHASE AGREEMENT PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND (B) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") pursuant to 11 U.S.C. §§ 105, 363, and 365 for entry of an order approving the Asset Purchase Agreement substantially in the form attached as Exhibit A hereto, and granting related relief. In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION, CORE NATURE AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

3. Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Arnold Transportation Services, Inc. (24-10928-CTG), Parker Global Enterprises, Inc. (24-10929-CTG); Parker Transport Co. (24-10930-CTG); and DVP Holdings Corp. (24-10931-CTG).

with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On April 30, 2024 ("Petition Date"), each of the Debtors filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware ("Court") for relief under the Bankruptcy Code, commencing the above-captioned bankruptcy cases ("Bankruptcy Cases").

5. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the interim trustee to the estates of the Debtors. The Section 341 Meeting of Creditors was held and concluded on May 29, 2024. The Trustee now serves pursuant to 11 U.S.C. § 702(d).

## DEBTORS' BUSINESS AND PROPOSED SALE

6. Prior to the Petition Date, the Debtors operated a transportation and logistics services business based in Texas. As part of their operations, the Debtors owned certain trucks, trailers and other vehicles, as well as numerous office equipment, inventory and other assets. The Debtors' operations also generated or acquired certain hazardous materials consisting of tires, oil, antifreeze, waste, etc. (the "Hazardous Materials"). One of the Debtors was also a party to a lawsuit in connection with the prior sale of the company styled as *MX Solutions, LLC v. Arnold Transportation, Inc.*, No. 22CV33460 (Cir. Ct. Multnomah Cnty., Or. 2022) (the "MX Action").

7. Shortly after the Petition Date, the Trustee's counsel contacted Michael Delbovo, the principal of the former owner of one of the Debtors and the acting president of the debtors ("Delbovo"). Delbovo is very knowledgeable about the business and the Debtors' assets and expressed his willingness to assist the Trustee in his efforts to wind up these estates. In light of the discussions between Delbovo and the undersigned counsel, the Trustee decided to retain Delbovo as a consultant for the estates to assist in the administration of these cases.

4886-8691-5305, v. 1

8. A few weeks after Delbovo's retention by the Trustee, Delbovo inquired whether the Trustee would be amenable to his making an offer for the remaining hard assets owned by the Estates, comprised primarily of miscellaneous used furniture, office equipment and rolling stock, as well as any rights the Debtors may have in the MX Action. The Trustee indicated that he was considering auctioning the remaining personal property or perhaps abandoning it, and that he would need to review the MX Action to understand what rights, if any, the Estate had in that litigation, and was amenable to receiving an offer.

9. Delbovo, through an entity that he controls, AMDEL Holdings, LLC ("Purchaser"), made an offer for certain assets, including the Estates' rights, if any, in the MX Action. After arm's length negotiations, and the exchange of multiple counter offers, the Trustee and Purchaser reached an agreement and entered into the Asset Purchase Agreement (the "APA"), which is annexed hereto as Exhibit A and incorporated herein by reference.

10. The Trustee believes, based upon an appraisal of certain of the Purchased Assets[2], discussions with certain auctioneers, his general experience in liquidating similar assets, and discussions with Debtors' counsel and a review of pleadings and memos relating to the MX Action, that the purchase price and the terms of the APA are reasonable and appropriate and represent the best net return achievable for the estates under these circumstances.

## TERMS OF THE APA

11. The principal terms of the APA are summarized as follows:

| Agreement Provision | Summary Description |
| --- | --- |
| Seller | Jeoffrey L. Burtch, solely in his capacity as chapter 7 trustee for the bankruptcy estates of the Debtors. |
| Purchaser | AMDEL Holdings, LLC |

---

[2] As such term is defined in the APA.

| Agreement Provision | Summary Description |
|---|---|
| Purchase Price | (a) Cash in the amount of $105,000.00, payable at closing;<br><br>(b) Purchaser's agreement to oversee and fund the proper disposal of the Hazardous Materials.<br><br>(*See* APA at § 1) |
| Purchased Assets | All of the Estates' right, title, and interest in and to the following on an "as is-where is" basis without representation or warranty of any kind or nature:<br><br>1. The inventory, office furniture and equipment, and other assets listed in the Addendum 1 attached to the APA.<br><br>2. The rolling stock and other heavy equipment listed in the Addendum 2 attached to the APA.<br><br>3. All rights, claims, and interests in and to the MX Action.<br><br>(*See* APA at Schedule 1.1) |
| Sale Order | The APA requires entry of the Sale Order approving the sale free and clear of liens and encumbrances. |

12. The APA contains the following terms, conditions and provisions that are to be highlighted in this Motion pursuant to Local Rule 6004-1(b):

 a) **Sale to Insider**. The Purchaser is controlled by Michael Delbovo, former president of debtor Arnold Transportation Services, Inc.

 b) **Private Sale**. While no auction or competitive bidding process is explicitly contemplated, the Trustee will consider any competing offers that might be made by no later than the deadline for objections to this Motion.

## SUMMARY OF RELIEF REQUESTED

13. By this Motion, the Trustee seeks the entry of the Sale Order attached hereto as Exhibit B: (a) approving and authorizing the sale of the Purchased Assets free and clear of liens, claims, interests, and encumbrances; (b) authorizing and approving the APA; and (c) granting certain related relief.

4

## ANALYSIS

**A.  The Trustee requests authority to sell the Property outside of the ordinary course of business.**

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Courts have held that proposed sales of property pursuant to section 363(b) should be approved upon a finding that the decision to enter into the transaction represents a reasonable business judgment. *See, e.g., In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying sale of assets); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith"). Further, sales of property outside of the ordinary course of business may be by private sale, as opposed to public auction. *See* Bankruptcy Rule 6004(f)(1).

15. The Purchase Price is the result of good faith, arm's length negotiations, and, based on communications with various parties in interest, the Trustee believes that the Purchase Price is reasonable. No other offers have been received for the Purchase Assets, and the Trustee believes that the cost to dispose of the Purchase Assets and the Hazardous Materials would likely exceed $50,000. The undersigned reviewed pleadings and other documents and believes there is no value to be realized for the estates through the MX Action.

16. The Trustee favors proceeding by way of private sale. Purchaser has submitted an offer that appears superior to any other offer that the Trustee might reasonably expect, if any other offer were even to be made. Indeed, no other prospective purchaser has come forward to express an interest in the Purchased Assets. Under these circumstances, the Trustee believes that his best

5
4886-8691-5305, v. 1

course of action is to proceed by way of a private sale to the Purchaser subject to any higher and better offers that might be made by the objection deadline, and to provide notice of the sale to parties in interest.

17. As noted above, as an additional test of the fairness of the APA, the Trustee will consider additional proposals for the Purchased Assets through the date by which objections to this Motion are due. If an additional proposal is received by the Trustee in writing on or before the objection deadline that the Trustee determines to be higher and better than that under the APA, the Trustee will confer with the potential purchasers and use the hearing date on the Motion as a status conference to report to the Court on the status of competing offers and his proposed procedure to conduct a prompt auction, and return to Court after the auction to approve the sale to the bidder submitting the highest and best offer for the Purchased Assets.

18. If no additional bids are received by the Trustee, then he will proceed with the hearing as scheduled and request that the Court approve the APA for the reasons set forth above.

**B.    The Trustee requests that the sale be free and clear of all liens, claims, rights, and encumbrances.**

19. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

20. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any one of the elements would permit sale of the Purchased Assets free and clear of all liens, claims, rights, and encumbrances (collectively, "<u>Interests</u>"), *See, e.g., Citicorp Homeowners Servs., Inc. v. Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

21. To the extent there are any Interests encumbering the Purchased Assets, the Trustee believes that, as to each and every entity or person having any such Interest in the Property, at least one of the five criteria set forth in section 363(f) of the Bankruptcy Code will apply.

22. Applicable caselaw provides that a trustee may sell a debtor's assets free and clear of all Interests, with all Interests attaching to the net proceeds of the sale. *See, e.g., Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) ("[T]he holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of section 363(f) and, therefore, attaches to the proceeds of the sale."); *In re WPRV-TV, Inc.*, 143 B.R. 315, 321 (D.P.R. 1991); *Citicorp Homeowners*, 94 B.R. at 345.

23. To the extent that the Court determines that Interests exist that would not be extinguished as described above, the Trustee submits that holders of any such Interests should be deemed to have waived their rights if they fail to object to this Motion. *See, e.g., Folger Adam*, 209 F.3d at 265. As the United States Court of Appeals for the Third Circuit recognized, "Due Process requires 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)).

24. Moreover, the Trustee expects that any holders of Interests that may exist will consent or be deemed to have consented to the sale, given that the sale protects their Interests by

maximizing the value of the Purchased Assets, and all Interests will attach to the net proceeds of the sale. The Trustee therefore anticipates that the sale will satisfy the second element of section 363(f). *See, e.g., Hargrave v. Township of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (by not objecting to sale motion, secured creditor deemed to have consented under section 363(f)(2)); *Pelican Homestead & Sav. Ass'n v. Wooten (In re Gabel)*, 61 B.R. 661, 667 (Bankr. W.D. La. 1985) (same).

25. Accordingly, the Trustee requests that the Court declare that the transfer of the Purchased Assets to the Purchaser will be free and clear of all Interests to the fullest extent permitted under section 363(f) of the Bankruptcy Code, with Interests attaching to the proceeds of the sale.

**C.     The Trustee requests that his proposed notice be deemed adequate.**

26. Under Bankruptcy Rule 2002(a) and (c), the Trustee is required to notify creditors of the terms and conditions of the sale and the objection deadline. The Trustee respectfully submits that this Motion, which contains the type of information required under Bankruptcy Rule 2002(c), will enable interested parties to participate in the sale hearing if they so choose.

27. The Trustee shall promptly serve a copy of the Motion, including all attachments, by first-class United States mail, upon: (a) the Office of the United States Trustee; (b) counsel for Debtors; (c) the Purchaser; (d) all parties who filed proofs of claims in Debtors' cases; (e) any creditors identified as secured in the Debtors' schedules; (f) all parties known to the Trustee to have expressed any interest in purchasing any assets of the Estates; and (g) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002.

28. The Trustee submits that this notice constitutes good and adequate notice, and respectfully submits that no further notice is necessary.

## No Prior Request

29. No prior request for the relief sought herein has been requested from this Court or any other court.

## Conclusion

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter the Sale Order substantially in the form attached hereto as Exhibit B: (a) approving and authorizing the Sale of the Purchased Assets free and clear of liens, claims, interests, and encumbrances; (b) authorizing and approving the APA; and (c) granting certain related relief and such other relief as the Bankruptcy Court may deem appropriate.

Dated: September 27, 2024

COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (DE 3919)
Gregory F. Fischer (DE 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2000
mfelger@cozen.com
gfischer@cozen.com
*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*

9

4886-8691-5305, v. 1