**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PARKER GLOBAL ENTERPRISES, INC. *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10929 (CTG)<br><br>(Jointly Administered)<br><br>**Objections Due: Not Applicable** |

**ATTIC'S FIFTH TIER TWO SETTLEMENT CONSUMMATION NOTICE**
**(For Three Claims)**

This Fifth Tier Two Settlement Consummation Notice is made pursuant to the *Order Granting Joint Motion of the Chapter 7 Trustee, and American Trucking and Transportation Insurance Company, a Risk Retention Group, For an Order Authorizing and Establishing Procedures for the Settlement of Certain Liability Claims* [Docket No. 78] (the "Procedures Order"), in the in the consolidated bankruptcy case of Parker Global Enterprises, Inc., Case Number 24-10929-CTG, Arnold Transportation Services, Inc. Case Number 24-10928-CTG, Parker Transport Co. Case Number 24-10930-CTG, and DVP Holdings Corp. Case Number 24-10931-CTG, pending in the United States Bankruptcy Court for the District of Delaware.

Pursuant to the aforesaid Procedures Order, American Trucking and Transportation Insurance Company, a Risk Retention Group ("ATTIC") gave notice (the "Fifth Tier Two Settlement Notice") [Docket No. 191] on June 15, 2026 that it proposed to settle, fund and fully and finally resolve the following ATTIC Insured Claim. ATTIC further gave notice that it would do so without further notice, absent receipt of a timely objection which was required to be served on counsel for ATTIC, Daniel D. Sparks - ddsparks@csattorneys.com, within fourteen (14) days of the date of service of the Fifth Tier Two Settlement Notice.

No objections were filed and ATTIC proceeded to settle, fund and fully and finally resolve each of the following ATTIC Insured Claim(s). Below is an update, as required by the Procedures Order, regarding consummation of the settlement(s):

**1. Claim A015668-01 – Leydi Cedillo v. Arnold Transportation Services, Inc. and Shonda Easterling**

Brief Description of Accident

This incident occurred at approximately 1:56 pm on December 2, 2020, in the city of Hearne, located in Robertson County, Texas. Insured driver Shonda Fontel Easterling ("Easterling") was traveling west on West Brown Street, driving a tractor-trailer for Arnold

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Arnold Transportation Services, Inc. (24-10928-CTG), Parker Global Enterprises, Inc. (24-10929CTG); Parker Transport Co. (24-10930-CTG); and DVP Holdings Corp. (24-10931-CTG).

Transportation Services, Inc. ("Arnold"). Leydi Cedillo ("Cedillo") had also been traveling west on West Brom Street in front of Easterling in a Ford Mustang.

Cedillo testified (and the police report also indicates) that Cedillo and Easterling were both stopped at the traffic light and that they both started to make the right turn when the light turned green. According to Easterling, however, Cedillo had already completed her right turn and was fully on MLK Street and no one else was in front of her when Easterling started to turn onto MLK Street.

Regardless of whose story is accurate, Easterling lightly struck Cedillo as Easterling was making her right turn. The front right corner of Easterling's tractor struck the left back quarter panel of Cedillo's Mustang.

Both vehicles were coming from what is identified in the screen-capture as US-79, and both were turning onto what is identified as S Alamo St. Easterling testified she knew Plaintiff had been in front of her, but she believed that Plaintiff had "already moved on" when she followed through her turn. Ms. Easterling testified Plaintiff "stalled" on the roadway, contributing to the accident. However, Ms. Easterling also testified she did not recall seeing Plaintiff's vehicle prior to impact.

<u>Investigation</u>

The Texas Peace Police Officer's Crash Report was completed by Officer Jason Hejl, Badge No. 1113, of the Hearne Police Department. Officer Hejl listed the contributing factor of "turned when unsafe" as to Easterling. The weather was cloudy, the road was wet, and it was daytime. The crash report indicates Easterling was cited for failing to yield right of way/unsafe turn. No vehicle's airbags deployed, and Cedillo is listed as uninjured. Damage to Cedillo's Ford Mustang is estimated at 8-LBQ-2, indicating light damage at the left back quarter panel at 8 o'clock. Damage to the Arnold tractor is estimated at 1-FR-1, indicating light damage to the front right area at 1:00 o'clock direction of force.

Body camera footage from Officer Hejl shows Cedillo in the minutes after the accident. There is approximately twenty-four minutes of body camera footage showing Cedillo moving easily and looking uninjured, while also answering many detailed questions about the accident and/or personal information needed for the officer's report.

ATTIC determined that there was sufficient evidence to support the claim that insured driver Shonda Easterling was at fault. Strategy was to defend on the alleged damages which based on the evidence of Leydi Cedillo walking around for a significant amount of time after the accident, we believed to be minor at best.

<u>Damages</u>

Over the course of several years after the accident Ms. Cedillo is alleged to have suffered multiple injuries including an alleged cervical, right shoulder, lumbar and traumatic brain injuries.

On July 26, 2023, Cedillo's counsel sent ATTIC a Stowers Demand requesting the immediate payment of the policy limits. ATTIC rejected the demand.

Procedural History

Plaintiff filed suit in 95th Judicial District Court in Dallas County on August 27, 2021. The county seat is Dallas, Texas, with venue being proper in Dallas, as that is the county in which Easterling lives. Dallas County juries have become very liberal over the last decade. They can also be unpredictable with their verdicts. Thus, Dallas County has become an unfavorable venue for Defendants.

On April 9, 2023, the parties conducted the first mediation of the matter. The parties failed to reach a settlement as ATTIC countered the medical causation and damages alleged by Cedillo. A mediator proposal which presented to the parties after the mediation for $1.650 million. ATTIC rejected the proposal.

Trial was set for early February 2026. Prior to the trial, Plaintiff Counsel renewed the demand for the full policy limits of $4 million. After obtaining authorization from insured driver Shonda Easterling, ATTIC rejected the demand and did not counter.

Trial occurred for a full week beginning February 9, 2026. After the parties put on their cases, the jury came back with a verdict against the insured driver and Arnold Transportation for $1.1 million. After applying pre-judgment interest and an award of costs, the total loss payment was $1,262,826.765.

Funding of Settlement, Claim Closure and Satisfaction of Deductible Obligation

ATTIC was required to issue payment for the full judgment on April 7, 2026. Arnold Transportation's deductible obligation was the full $150,000 deductible. ATTIC applied the deductible obligation against the loss funding held by ATTIC.

**2. Claim A021122-05 – Tena Padua Allison, et. al., v. Arnold Transportation Services, Inc. and Cornelius Yorke**

Brief Description of Accident

This matter arises from a motor-vehicle collision that occurred on January 25, 2024, in Harris County, Texas. While there is dash cam video from the time of the incident, it is only forward facing and does not capture the collision. According to the TXDOT crash report, this accident occurred around 3:14 PM. Plaintiff Padua (Unit 4) was traveling Northbound in the far-left lane on Interstate 45 in Harris County while Defendant Semien (Unit 3) was in the lane to the right of Plaintiff. Defendant Yorke (Units 1 and 2) reportedly changed lanes when it was unsafe, hitting Defendant Semien. Defendant Semien's vehicle then lost control and hit Plaintiff Padua, who crashed into the median. After hitting the median, Semien hit Unit 5, driven by Marina Cortez. Defendant Yorke was the only driver found by the investigating officer to have contributed to the collision by changing lanes when unsafe. Yorke was not cited with any traffic violations.

While the dash cam video available does not show the collision, it does show Defendant Yorke making a lane change from the third lane from left to the second lane from left, which matches the description of the police officer's description of the accident. To note, Wes Bement with Arnold Transportation prepared an Event Report following the incident and noted that the claimant vehicles "had a collision behind us, but one got knocked into our trailer." As is known, Arnold Transportation is no longer in operation, and as such, our knowledge and resources of the claim are limited. We spoke with Mr. Bement (who left Arnold shortly after this incident) regarding this incident and he had limited memory of the factual background of the same. Mr. Bement recalls that his incident description was likely derived from driver Cornelius Yorke. Because the video demonstrates that Yorke did in fact change lanes, as is described by the investigating officer, it will be difficult to prove that an initial collision occurred behind Yorke prior to impact with Yorke's trailer. Plaintiff Padua, Defendant Semien and her minor passenger (Charles Harmon, age 7), and Ms. Cortez were all transported to HCA Houston Northwest Hospital from the scene via EMS.

<u>Investigation</u>

Arnold is alleged to have been vicariously liable for Defendant Yorke's negligence under the theory of respondeat superior. Plaintiff further alleges Arnold is liable for Yorke's negligence through theories of agency and ratification. Arnold is also alleged to have been directly and independently liable for its own negligent acts and omissions including the following:

- Failure to conduct reasonable and adequate interview of Defendant Yorke as a potential employee.
- Failure to properly follow up on information not provided by Defendant Yorke in the interview process.
- Failure to conduct a proper employment and background check of Defendant Yorke
- Failure to sufficiently investigate Defendant Yorke's training, prior employment, criminal record and past.
- Failure to perform the required screening, testing, and physical of Defendant Yorke.
- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving Arnold Transportation's vehicles
- Failure to explain and demonstrate its safety policies and procedures to Defendant Yorke.
- Failure to provide the necessary training to Defendant Yorke regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.
- Failure to properly train its drivers regarding all aspects of driver safety.
- Failure to train its employees, including Defendant Yorke, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training. - Failure to monitor Defendant Yorke to make sure that he was complying with policies and procedures.
- Failure to interview and test Defendant Yorke to make sure he had read, and was familiar with, understood, and followed the company policies and procedures. - Failure to implement proper policies and procedures for its employees, including Defendant Yorke, regarding driver safety and vehicle safety.
- Failure to document and make a determination regarding fault in the accident made the basis of this suit. - Failure to supervise Defendant Yorke to ensure that he was keeping the vehicle properly maintained.
- Provided a vehicle and/ or authority to Defendant Yorke who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver. And
- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

ATTIC determined that this was a case of pure liability and began to defend the claim on damages.

Damages

On March 17, 2026 ATTIC received a “Stowers Demand” made on behalf of all claimants, Ronda Semien, Charles Harmon, and Tena Padua. The demand was for the remaining available policy limits of $3,939,395.69.

In support of the policy limit demand Plaintiffs’ counsel presented total alleged damages of $4,332,308.95 allocated by claimant as follows:

- Tena Padua-Allison – past incurred medical treatment of $1,018,750.01 with future medicals with life care plan of $1,076,833.
- Ronda Semien – past incurred medical treatment of $754,602.91 with future medicals with life care plan of $1,478,923.
- Charles Harmon - $3,200.03

While ATTIC believed the incurred medical specials were inflated by perhaps 50% or more and the life care plans were subjective, the case had potential exposure beyond the policy limits if tried.

Procedural History

The matter was set for a mediation on March 24, 2026 just days before a scheduled trial. As mentioned above, ATTIC received a time limited Stowers Demand on March 17, 2026. ATTIC reviewed the demand with defense counsel. ATTIC received an unfavorable report from defense counsel regarding his overall evaluation of the matter.

The parties held the mediation on March 24, 2026, during which Plaintiffs refused to drop below their demand for the remaining policy limits. Based on the potential exposure to both Arnold Transportation and the insured driver for excess of policy limits, ATTIC elected to accept the demand and agreed to settle all claims.

Funding of Settlement, Claim Closure and Satisfaction of Deductible Obligation

On April 22, 2026 ATTIC received the proposed Settlement Agreement and Release. ATTIC has been advised that a portion of the settlement agreement will be part of a structure. The parties have not completed the structured portion of the settlement agreement as of June 10, 2026.

It is anticipated that the final Settlement Agreement and Release and structure documents will be completed in late June or early July, 2026.

Once the documents are signed by all parties, ATTIC will have twenty days to fund the settlement. Upon funding, after notice of settlement consummation ATTIC will satisfy the remaining deductible obligation of Arnold Transportation, Inc. on this accident in the amount of $139,395.69 by reducing the loss funding balance held by ATTIC.

ATTIC expects the to fully fund the loss settlement and apply the remaining outstanding deductible for this event of $139,395.69 by the end of August 2026.

**3. Claim A019150-01 – GIGG Express, Inc. v. Arnold Transportation Services, Inc. and Steve Taylor**

Brief Description of Accident

On June 10, 2023, Arnold Transportation driver, Steve Taylor was traveling on Southbound Interstate 57 at mile marker 33, in Jefferson County Illinois. It appears that he swerved to the right, striking a guardrail and crossed into the median. He traveled approximately 1,500 ft merging into the Northbound lanes. Another tractor-trailer driven by Ali Shakeel for GIGG Express was traveling in the Northbound lanes. Mr. Shakeel appears to have reacted; his tractor-trailer left tire marks before impact. The impact occurred in the right lane or right shoulder of the Northbound lanes. Both tractors and trailers were consumed by fire. Our data indicates that Mr. Taylor did not depress his accelerator or his brake while in the median. It does not appear there were any steering inputs while in the median. Someone can be heard screaming on the SmartDrive video. Arnold's position was that Mr. Taylor suffered a heart arrhythmia, the motor vehicle collision resulted from an Act of God wholly outside its control. Mr. Taylor was examined and approved to drive.

Two claims arose from the accident: Ali Shakeel the driver of the commercial motor vehicle owned by GIGG Express for his personal injuries, and, GIGG Express for the total loss of the tractor, trailer, and freight. ATTIC settled the claim of Mr. Shakeel. GIGG Express filed suit to recover its alleged damages.

Investigation

ATTIC and Arnold's initial response to the claims was that insured driver Steve Taylor suffered from a medical emergency which was caused his loss of control of this truck and trailer. We pressed forward with the "Act of God" defense. In general, the coroner's records for your driver show that he had an unexpected medical event that may have caused his actions in this case. We already know that there is no indication that Mr. Taylor applied his brakes or made any steer inputs after the tractor hit the rail on the right side of his lane and crossed the highway. Likewise, there appears to be no real forewarning of a medical issue and that he suffered a medical event. We know that the Mr. Taylor was taking medication for high blood pressure and for diabetes.

Ultimately, it became unlikely in our opinion that the Act of God defense was going to be very difficult to support. Contained within the FMCSA Driver Qualification file was Mr. Taylor's most recent long form physical report which documented what could be interpreted as a high blood pressure reading that would have required follow up before being qualified or at a minimum the issuance of short term physical due to blood pressure. Defense counsel was also concerned about the ability to present evidence related to the qualification of Mr. Taylor by Arnold Transportation after the bankruptcy and the lack of supporting employee testimony.

ATTIC determined that the best strategy was to resolve the claims. As reported, the bodily injury claim of Mr. Shakeel was resolved. The remaining claim was for the property damage of GIGG Express.

Damages

GIGG Express presented a demand for $403,606 in December 2025. The amount included accident reconstruction costs, trailer total loss, truck total loss, truck loss of use and an alleged payoff of a truck lease agreement. ATTIC disputed a significant portion of the demand.

Procedural History

The parties continued a standoff on the amount of damages rightfully recoverable from the collision. No suit was filed. The parties agreed to mediate the dispute.

Funding of Settlement, Claim Closure and Satisfaction of Deductible Obligation

On June 1, 2026, the parties mediated the matter. After two hours of posturing by both parties an agreement to resolve the matter was reached at $330,000. The parties executed a Settlement Agreement and Release of All Claims. ATTIC intends to fund the settlement after the required notices. This settlement will not impact Arnold's deductible obligations for this matter as the $150,000 deductible was satisfied with the settlement of the Shakeel bodily injury claim.

There will be no further consummation notices filed in connection with the Fifth Tier Two Settlement Notice.

Dated: July 31, 2026

**MORRIS JAMES LLP**

*<u>/s/ Carl N. Kunz, III</u>*
Carl N. Kunz, III (DE Bar No. 3201)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com

and

**CHRISTIAN & SMALL LLP**
Daniel D. Sparks, Esquire
Bradley R. Hightower, Esquire
Christian & Small LLP
505 North 20th Street
Suite 1800 Financial Center
Birmingham, Alabama 35203
Telephone: (205) 795-6588
E-mail: ddsparks@csattorneys.com
E-mail: brhightower@csattorneys.com

*Attorneys for American Trucking and Transportation Insurance Company*